UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

URSZULA BRUMER, *et al.*,

Plaintiffs,

v.

LAURIE ANN GRAY,

Defendant.

Case No. 3:17-cv-00576-MMD-WGC

ORDER

**I.   SUMMARY**

This case arose out of a motor vehicle accident in which Plaintiffs Urszula Brumer and Malgorzata Kasprzak-Guzek allegedly sustained physical injuries after being rear-ended by Defendant Laurie Gray on Nevada Highway 88.[1] Before the Court is Plaintiffs' Motion in Limine to Exclude Expert Testimony of James S. Forage, M.D. (the "Motion").[2] (ECF No. 56.) For the reasons explained below, the Court will grant the Motion.

**II.   LEGAL STANDARD**

A motion in limine is a procedural mechanism made in advance to limit testimony or evidence in a particular area. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir.2009). It is a preliminary motion that is entirely within the discretion of the Court. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984). To exclude evidence on a motion in limine, "the evidence must be inadmissible on all potential grounds." *See, e.g., Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of

---

[1] The discovery deadline is February 20, 2019 (ECF No. 30 at 1, 4), and jury trial has been set for July 7, 2020 (ECF No. 70 at 18).

[2] The Court has also reviewed Defendant's response (ECF No. 60) and Plaintiffs' reply (ECF No. 64).

foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, cost, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007).

**III.    DISCUSSION**

Defendant's expert Dr. Forage is a neurosurgeon who has opined that Plaintiffs' injuries stem from Plaintiffs' social and psychological factors, not the accident in question. (ECF Nos. 60-3 at 7-8, 60-4 at 4-5, 60-5 at 2, 60-6 at 3, 60-7 at 3, 60-8 at 3.) Plaintiffs seek to exclude Dr. Forage's testimony on the ground that he has relied on an unreliable causation method—the American Medical Association's six-step protocol and "biopsychological model" (collectively the "AMA Guides"). (ECF No. 56 at 8-12.) Defendant counters that the AMA Guides have been rigorously peer-reviewed and is widely accepted by experts (ECF No. 60 at 6-7), and that Dr. Forage has fully and accurately applied the AMA Guides to the facts of this case in preparing his expert report (*id.* at 9-13). However, Defendant has not provided evidence to support her latter argument; therefore, the Court will grant the Motion.[3]

The proponent of the expert opinion testimony—namely Defendant—must establish its admissibility by a "preponderance of proof." *Tokidoki, LLC v. Fortune Dynamic, Inc.* ("*Tokidoki*"), Case No. CV071923DSFPJWX, 2008 WL 11338772, at *1 (C.D. Cal. Sept. 29, 2008) (citing to *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 n.10 (1993)). Under Rule 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of

---

[3]While the Court does not address the merits of Defendant's first argument, the Court will note for Defendant's benefit that many of her assertions regarding the wide acceptance of the AMA Guides are conclusory and scant in citation and evidence. (ECF No. 60 at 6.)

2

fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) *the expert has reliably applied the principles and methods to the facts of the case.*" Fed. R. Evid. 702 (emphasis added). The Supreme Court provided additional guidance on Rule 702 in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). In *Daubert*, the Court held that scientific testimony must be reliable and relevant to be admissible. *Daubert*, 509 U.S. at 589. *Kumho Tire* clarified that *Daubert*'s principles also apply to technical and specialized knowledge. *See Kumho*, 526 U.S. at 141.

Under *Daubert*, a court may use the following factors to assess reliability: (1) whether a scientific theory or technique can be (and has been) tested; whether the theory or technique has been subjected to peer review and publication; (2) the known or potential rate of error and the existence and maintenance of standards controlling the techniques operation; and (3) whether the technique is generally accepted. *Daubert*, 509 U.S. at 593-94. However, the "test of reliability is 'flexible,' and *Daubert*'s list of specific factors neither necessarily or exclusively applies to all experts or in every case." *Kumho*, 526 U.S. at 141. The trial court has "considerable leeway" in deciding how to determine the reliability of an expert's testimony and whether the testimony is in fact reliable. *Id.* at 152.

The Court will grant the Motion because Defendant has not shown that Dr. Forage "reliably applied the principles and methods [of the AMA Guides] to the facts of the case." Fed. R. Evid. 702. Plaintiffs have repeatedly requested materials that Dr. Forage relied on in applying the AMA Guides (*see* ECF Nos. 56-11 at 5, 56-12), but Defendant has only disclosed those materials after Plaintiffs filed this Motion (ECF No. 60 at 6-7; ECF No. 64 at 4), well past the discovery cut-off date of February 20, 2019 (ECF No. 30 at 1, 4).[4]

---

[4] Because the headings in Dr. Forage's expert report corresponded with those set out in an article by Dr. Robert J. Barth, Plaintiffs presumed that Dr. Forage relied on Dr. Barth's article in forming his expert opinion (ECF No. 56-1 at 27-28; *see also* ECF No. 56 at 9). Thus, Plaintiffs' Motion uses Dr. Barth's article as a point of reference in arguing why Dr. Forage's scientific method is unreliable and how he failed to fully and accurately apply *(fn. cont…)*

Defendant references two books—each of which contain hundreds of pages—but fails to attach or cite to any particular pages in support of her opposition. (ECF No. 60 at 6-7 (citing to AMERICAN MEDICAL ASSOCIATION, GUIDES TO THE EVALUATION OF PERMANENT IMPAIRMENT (6th ed. 2007), and J. MARK MELHORN, *ET AL.*, AMA GUIDES TO THE EVALUATION OF DISEASE AND INJURY CAUSATION (2nd ed. 2013)).) Without it, the Court cannot determine whether Dr. Forage has reliably applied the principles and methods of the AMA Guides to the facts of the case. *See* Fed. R. Evid. 702. Accordingly, Defendant has not shown by a preponderance of proof that Dr. Forage's statements are admissible under Rule 702. *See Tokidoki*, 2008 WL 11338772, at *1 (citing to *Daubert*, 509 U.S. at 592 n.10); *see also Hirata v. S. Nevada Health Dist.,* No. 2:13-cv-2302-LDG-VCF, 2017 WL 1073358, at *3 (D. Nev. Mar. 21, 2017) (excluding expert testimony where plaintiffs did not meet their burden of showing that their expert reliably applied his experience and knowledge to the facts of the case). The Court will therefore grant Plaintiff's Motion and exclude Dr. Forage's testimony.

**IV.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Plaintiffs' First Motion in Limine to Exclude Expert Testimony of James S. Forage, M.D. (ECF No. 56) is granted.

DATED THIS 21st day of January 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

Dr. Barth's method. (ECF No. 56 at 8-16.) Defendant counters that Dr. Forage did not rely on Dr. Barth's article and therefore Plaintiffs' arguments are irrelevant. (ECF No. 60 at 7-8.) While the Court may agree with Defendant, the Court is mindful that Defendant's dilatory tactic has put Plaintiffs in this position—had Defendant disclosed early on what portions of the AMA Guides that Dr. Forage relied on, Plaintiffs would have been better equipped to rebut Dr. Forage's opinions.

4