UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| URSZULA BRUMER, *et al.*, | Case No. 3:17-cv-00576-MMD-WGC |
| Plaintiffs, | ORDER |
| v. | |
| LAURIE ANN GRAY, | |
| Defendant. | |

This case arose out of a motor vehicle accident in which Plaintiffs Urszula Brumer and Malgorzata Kasprzak-Guzek allegedly sustained physical injuries after being rear-ended by Defendant Laurie Gray on Nevada Highway 88. Before the Court are Defendant's motions in limine (the "Motions") (ECF Nos. 74, 75) and motion for leave to file reply (the "Motion for Leave") (ECF No. 84).[1] For the reasons explained below, the Court will grant the Motion for Leave but deny the Motions.

Under Local Rule 16-3(a):

> Motions in limine *will not be considered* unless the movant attaches a statement certifying that the parties have participated in the meet-and-confer process and have been unable to resolve the matter without court action. . . . Replies will be allowed only with leave of the court.

LR 16-3(a) (emphasis added).

The Court finds good cause to grant the Motion for Leave (ECF No. 84), but will deny the Motions (ECF Nos. 74, 75). Defendant concedes that she has not complied with LR 16-3(a) because she failed to meet and confer with Plaintiff and failed to attach the

///

///

---

[1] The Court has also reviewed Plaintiff's responses (ECF Nos. 78, 79).

requisite certification to the Motions.[2] (ECF No. 84 at 2-3 ("Counsel that prepared Motion[s] was under the apparently misinformed belief that all relevant procedural requirements had been met.").) Accordingly, the Court denies the Motions.

It is therefore ordered that Defendant's motion for leave to file reply (ECF No. 84) is granted.

It is further ordered that Defendant's motions in limine (ECF Nos. 74, 75) are denied without prejudice.

DATED THIS 11th day of June 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] After filing the Motions, Defense counsel attempted to comply with LR 16-3(a) by emailing Plaintiff's counsel over three successive days (June 2 through 4, 2020), but has received no response. (ECF No. 84 at 3.) While the Court recognizes that the COVID-19 pandemic has created substantial delays, the Court nevertheless urges the parties to fulfill their obligations to meet and confer.

2