UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| URSZULA BRUMER, *et al.*, | Case No. 3:17-cv-00576-MMD-WGC |
| Plaintiffs, | ORDER |
| v. | |
| LAURIE ANN GRAY, | |
| Defendant. | |

**I.     SUMMARY**

This case arose out of a motor vehicle accident in which Plaintiffs Urszula Brumer and Malgorzata Kasprzak-Guzek allegedly sustained physical injuries after being rear-ended by Defendant Laurie Gray on Nevada Highway 88.[1] Before the Court are Defendant's two motions in limine (ECF Nos. 86 ("MIL #1"), 87 ("MIL #2")).[2] For the reasons explained below, the Court will deny both motions.

**II.     LEGAL STANDARD**

A motion in limine is a procedural mechanism made in advance to limit testimony or evidence in a particular area. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir.2009). It is a preliminary motion that is entirely within the discretion of the Court. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984). To exclude evidence on a motion in limine, "the evidence must be inadmissible on all potential grounds." *See, e.g., Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."

---

[1]The discovery deadline is February 20, 2019 (ECF No. 30 at 1, 4), and jury trial has been set for October 20, 2020 (ECF No. 81 at 18).

[2]The Court has also reviewed Plaintiffs' responses (ECF Nos. 88, 89).

*Hawthorne Partners v. AT & T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, cost, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007).

In limine rulings are provisional. Such "rulings are not binding on the trial judge . . . [who] may always change h[er] mind during the course of a trial." *Ohler v. U.S.*, 529 U.S. 753, 758 n.3 (2000). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846. "Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Id.*

### III.   MIL #1 (ECF NO. 86)

Defendant contends that Plaintiffs should be precluded from presenting any testimony in support of future medical treatment because: (1) Plaintiffs have produced no evidence showing that such treatment is necessary; (2) Plaintiffs' expert, Dr. Cash, instructed Kasprzak-Guzek to "hold off" surgery for "as long as tolerable"; (3) Kasprzak-Guzek testified on May 11, 2018 that she had no specific plans to have future surgery and did not determine whether she would even have surgery in the United States or in Poland; and (4) Dr. Cash is not qualified to testify as to medical costs in Poland. (ECF No. 86 at 4-8.) But Plaintiffs point to evidence showing that, *inter alia*, Dr. Cash recommended surgery (*see e.g.,* ECF No. 75 at 62 ("[Kasprzak-Guzek] requires cervical reconstruction . . .")), and that Kasprzak-Guzek is in the process of scheduling her surgery this year in the United States with Dr. Cash.[3] (ECF No. 88-3 at 4). (ECF No. 88 at 4-7.) The Court agrees with Plaintiffs. Because Defendant has, at most, raised factual disputes regarding future medical treatment, the Court will deny MIL #1. *See McConnell v. Wal-Mart Stores, Inc.*,

---

[3]Defendant admits that Dr. Cash is familiar with surgery prices in the United States. (ECF No. 86 at 8.)

995 F. Supp. 2d 1164, 1167 (D. Nev. 2014) ("[A] motion in limine should not be used to resolve factual disputes or weigh evidence.").

**IV.    MIL #2 (ECF NO. 87)**

Defendant contends that Plaintiffs should be precluded from seeking past, special medical damages incurred while in Poland because: (1) nearly all records purportedly supporting past damages accrued in Poland are mostly in Polish; (2) Plaintiffs have not designated an expert witness, nor are they personally qualified, to translate the Polish medical records; (3) Plaintiffs have not disclosed authenticated, translated copies of any of the Polish medical records; and (4) there is no indication that Plaintiffs' sole expert, Dr. Cash, is capable of reviewing the Polish records. (ECF No. 87 at 4-5, 7-9.) Plaintiffs argue among other things that MIL #2 is vague because it does not specify the evidence it seeks to exclude. (ECF No. 89 at 3-4.) The Court agrees with Plaintiffs.

Defendant vaguely argues that "*[n]early* all the records purportedly supporting the damages accrued in Poland are, at least in majority *part*, in Polish rather than English." (ECF No. 87 at 9 (emphases added).) But Defendant only points to three pages "as a sample of the Polish documents."[4] (*Id.* (citing to ECF No. 87-1 at 111-14).) Defendant has not specifically identified the medical records that are in English. As such, because excluding all testimony regarding past medical damages is too broad a remedy under these facts, the Court denies MIL #2.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

///

---

[4]Defendant also cites to several bates pages (ECF No. 87 at 10), but they fail to include the appropriate ECF citations. Without it, the Court cannot review these bates pages.

It is therefore ordered that Plaintiffs' motions in limine (ECF Nos. 86, 87) are denied.

DATED THIS 10th day of September 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE